Bouba v. Holder

BIA
Weisel, IJ
A079 572 470

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of January, two thousand ten.

PRESENT:

> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

HAMEDOU BOUBA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,[1] ET AL.,
> *Respondents.*

_____

09-0259-ag
NAC

FOR PETITIONER:          Brian I. Kaplan, New York, N.Y.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark Filip as a respondent in this case.

FOR RESPONDENTS:          Tony West, Assistant Attorney
                          General; Linda S. Wernery, Assistant
                          Director; Scott Rempell, Attorney,
                          Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Hamedou Bouba, a native and citizen of Mauritania, seeks review of a December 18, 2008 order of the BIA affirming the April 17, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hamedou Bouba*, No. A079 572 470 (B.I.A. Dec. 18, 2008), *aff'g* No. A079 572 470 (Immig. Ct. N.Y. City Apr. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.

2

2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's conclusion that, due to changed country conditions in the 18 years since Bouba was expelled from Mauritania, his fear of future persecution is not well-founded. *See* 8 C.F.R. § 1208.13(b)(1); *see also* 8 C.F.R. § 1208.16(b)(1)(A). The agency supported its finding of a fundamental change in circumstances in Mauritania by noting that the 2006 U.S. Department of State Country Report on Human Rights Practices in Mauritania indicated that the president of Mauritania was overthrown in 2005, and that "[m]any returnees received their original homes, some property, and all or a portion of their land." Importantly, the agency supplemented that finding with evidence and analysis particular to Bouba's case. *See Tambadou v. Gonzales*, 446 F.3d 298, 303 (2d Cir. 2006). For example, the IJ noted that while the 2006 Report indicated that some returnees had not received identification cards upon their return, Bouba was able to obtain his identification card when he returned to Mauritania in 1996. The agency also acknowledged that when Bouba returned, he was threatened by the individuals who had taken his property, but was not harmed, and had no

3

difficulty with the Mauritanian authorities.

Ultimately, the IJ found that although the record contained evidence of continuing racial discrimination in Mauritania, that evidence was insufficient to suggest that the persecutory policies of the previous government were ongoing such that Bouba reasonably feared future persecution.[2] *See Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Because the agency's finding that Bouba did not have a well-founded fear of persecution was supported by substantial evidence, it did not err in denying his claims for asylum and withholding of removal because both claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Finally, we are without jurisdiction to address the IJ's denial of Bouba's CAT claim, because he failed to exhaust his challenge to the denial of that relief before the BIA. *See* 8 U.S.C. § 1252(d); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

---

[2] Although Bouba states generally that a letter he submitted to the BIA supports his claim, he does not challenge the BIA's refusal to remand the case for consideration of this new evidence, waiving any such challenge. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005); 8 C.F.R. § 1003.1(d)(3)(iv).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____